UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TOLEKSIS BIIN TUTORA,

                              Plaintiff,

           -v.-                            9:10-CV-0206
                                                   (GLS)(DEP)

NEW YORK STATE COMMISSIONER OF
CORRECTIONS AND ACCREDITATION;
DAVID E. HARDER, Broome County Sheriff;
and JOHN DOE, Third Shift Staff Officers
Handling Non-Privileged and Privileged Mail,
Broome County Correctional Facility,

                             Defendants.

APPEARANCES:

TOLEKSIS BIIN TUTORA
06-B-1358
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

**I.    Background**

      Plaintiff Toleksis Biin Tutora commenced this action by filing a *pro se* civil rights complaint.  Dkt. No. 1.  By Decision and Order of this Court filed on January 11, 2011 ("January Order"), the Court found that Tutora's complaint

failed to set forth facts plausibly suggesting that any of Tutora's constitutional rights were violated. Dkt. No. 12.  In light of his *pro se* status, Tutora was afforded an opportunity to submit an amended complaint. *Id.* at 18.

Presently before the Court is Tutora's amended complaint.  Dkt. No. 13. The amended complaint includes that following defendants: Lt. Dickerson, Sgt. Buholsky, Sgt. Noyes, Deputy Officer Zimmer, and Deputy Officer Medionte.  *Id.* For the reasons set forth below, the amended complaint is dismissed for failure to state a claim upon which relief may be granted under Section 1983.

## II.    **Legal standards**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2).  Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (citation omitted).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (*quoting Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, C.J.) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 127 S.Ct. 1955). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft*, 129 S.Ct. at 1949 (citing Fed. R. Civ. P. 8(a)(2)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal citations and alterations omitted). Allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### III.   Summary and Review of the Amended Complaint

In his amended complaint, Tutora alleges that while he was incarcerated at Broome County Jail in January 2010, he wrote a letter to the Central

4

Intelligence Public Affairs Unit which contained "sensitive material." Dkt. No. 13 at 2. Tutora alleges that he "did view staff members see said letter." *Id.* Tutora further alleges that defendant Sgt. Noyes "took said letter and placed it in his uniform shirt." *Id.* Tutora alleges that he complained about the aforesaid incident to defendant Lt. Dickerson "who basically had [defendant] Sgt. Buholsky, file a Forensics on the claimant." Dkt. No. 13 at 3. Tutora alleges that defendants Zimmer and Medionte "only gufawed at the claimants claim." *Id.* Plaintiff seeks criminal charges against the defendants as part of his relief. *Id.*

In reviewing Tutora's amended complaint, the Court recognizes that it must construe *pro se* complaints liberally. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Even after allowing for due deference to Tutora's *pro se* status, for the reasons discussed below, the Court finds that Tutora's allegations fail to state a claim upon which relief may be granted and the amended complaint is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**A. New York State Commissioner of Corrections and Accreditation; David E. Harder; and John Doe Defendants**

Plaintiff has not included the New York State Commissioner of Corrections and Accreditation; David E. Harder; or any John Does as defendants in his

amended complaint, nor has he included any allegations of wrongdoing by any of them.[2]  *See* Dkt. No. 13.  Because the amended complaint does not allege that the New York State Commissioner of Corrections and Accreditation; David E. Harder; or any John Does were personally involved in any alleged wrongdoing, they are dismissed as defendants to this action.

### B. Defendant Sgt. Noyes

Tutora alleges that defendant Noyes interfered with Tutora's outgoing mail on one occasion when defendant Noyes "took" from the outgoing mail bin Tutora's letter addressed to the Central Intelligence Public Affairs Unit.  Dkt. No. 13 at 2.  As more fully discussed in this Court's January Order, interference with legal mail may implicate a prisoner's right of access to the courts and right of free speech under the First and Fourteenth Amendments. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "To state a claim for denial of access to the courts [through interference with legal mail] a plaintiff must allege that the defendant 'took or was responsible for actions that hindered [a plaintiff's] efforts to pursue a legal claim'"; and the plaintiff must demonstrate that the actions resulted in actual injury. *Id.* In order to state a claim for violation of a prisoner's First Amendment right to send and receive mail, "the inmate must show that

---

[2] The January Order found that plaintiff had failed to state a claim against these defendants.  *See* Dkt. No. 12.

prison officials 'regularly and unjustifiably interfered with ... [a prisoner's] mail.'" *Id.* Tutora has failed to state a claim under either theory.

As with his first complaint, Tutora's amended complaint does not allege that his letter addressed to the Central Intelligence Public Affairs Unit had anything to do with a court action that plaintiff was pursuing, nor does Tutora allege that the taking of that letter hindered his efforts to pursue a legal claim. Thus, Tutora fails to allege a claim for denial of access to the courts against defendant Noyes. *See*, e.g., *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (To plead a claim for denial of the constitutional right of access to the courts, a plaintiff must allege actual injury, in the sense that he was prejudiced, by the defendants' actions, in the pursuit of some nonfrivolous claim); *see also Davis,* 320 F.3d at 352 (finding that "two instances of mail interference are insufficient to state a claim for denial of access to the courts because [plaintiff had] not alleged that the interference with his mail either constituted an ongoing practice of unjustified censorship or caused him to miss court deadlines or in any way prejudiced his legal actions").

Tutora also fails to state a claim against defendant Noyes for violation of Tutora's rights to send and receive legal mail. *See Davis,* 320 F.3d at 351 (finding that plaintiff failed "to state a constitutional claim for violating his right to send and receive legal mail because he alleges neither the establishment of an

7

ongoing practice by prison officials of interfering with his mail nor any harm suffered by him from the tampering"); *see also Morgan v. Montanye*, 516 F.2d 1367, 1371 (2d Cir. 1975) (A single instance of mail tampering that does not result in the plaintiff suffering any damage is generally insufficient to support a constitutional challenge.). In the present case, Tutora (1) cites to only one instance of mail tampering by defendant Noyes, (2) fails to allege any actual harm, and (3) does not allege that defendant Noyes had an ongoing practice of interfering with his mail.

Finally, to the extent that Tutora is alleging that defendant Noyes took his personal property (one letter) without due process in violation of the Fourteenth Amendment, that claim is dismissed for the same reasons set forth in the Court's January Order.[3] *See* Dkt. No. 12 at 15-16.

In light of the foregoing, Tutora's claims against defendant Noyes are

---

[3] The January Order found that "[e]ven an intentional deprivation of an inmate's property that is random and unauthorized does not give rise to a due process claim so long as 'adequate state post-deprivation remedies are available.' *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). New York law provides such a remedy in the form of an action before the New York Court of Claims. See N.Y. Ct. Cl. Act § 9 (McKinney 1989 & Supp.2005); *Diaz v. Coughlin*, 909 F. Supp. 146, 150 (S.D.N.Y.1995) (dismissing property deprivation due process claim because inmate could bring action in Court of Claims); *McCorkle v. Juchenwicz*, No. 94 Civ. 6363(TPG), 1999 WL 163205, at *4 (S.D.N.Y. Mar.23, 1999) (same); *Gadson v. Goord*, No. 96 Civ. 7544(SS), 1997 WL 714878, at *7 (S.D.N.Y. Nov.17, 1997) (same); *Ifill* [*v. Goord*, No. 03-CV-355S,] 2005 WL 2126403, at *6 [W.D.N.Y. Sep. 1, 2005] (same)." Dkt. No. 12 (citing *Collins v. Goord*, 438 F. Supp. 2d 399, 418-19 (S.D.N.Y. 2006)).

dismissed in their entirety.

### C. Defendants Lt. Dickerson and Sgt. Buholsky

Tutora alleges that he complained to defendant Dickerson about the aforesaid mail incident and, in response to Tutora's complaint, defendant Dickerson merely had Sgt. Buholsky "file a Forensics on the claimant." Dkt. No. 13 at 3.

Construed liberally, Tutora appears to allege that defendants Dickerson and Buholsky failed to properly address or investigate his complaint that defendant Noyes took one of Tutora's letters. Even if true, Tutora's allegations in this regard are insufficient to state a claim against defendants Dickerson and Buholsky. Prisoners possess no constitutional right to have prison authorities investigate any particular matters. *Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (finding that an inmate does "not have a protected liberty interest in having his grievances investigated at the level of thoroughness that he desires, and therefore he can not assert a due process claim as to such failures); *Faison v. Hash*, 03-CV-6427, 2004 WL 944523, at \*2 (W.D.N.Y. Apr. 23, 2004) (A prisoner does not have an absolute constitutional right to an investigation.); *Johnson v. Wright*, 234 F. Supp. 2d 352, 363 (2d Cir. 2002) (ignoring complaints from an inmate fails to establish personal involvement in the alleged constitutional violation).

### D. Defendants Zimmer and Medionte

Plaintiff alleges that defendants Zimmer and Medionte laughed at Tutora's mail interference claim. Dkt. No. 13 at 3. Plaintiff's allegations in this respect fail to state a claim of constitutional dimension. *See Moncrieffe v. Witbeck*, No. 97-CV-253, 2000 WL 949457, at *3 (N.D.N.Y. June 29, 2000) (Mordue, J.) (allegations that corrections officer laughed at inmate not actionable under section 1983); *Johnson v. Eggersdorf*, 8 Fed. Appx. 140, 143 (2d Cir. 2001) (Allegations of verbal harassment are insufficient to support a Section 1983 claim.); *Carpio v. Walker*, No. Civ.A.95CV1502, 1997 WL 642543, at *6 (N.D.N.Y. Oct. 15, 1997) (Pooler, J. & DiBianco, M.J.) ("verbal harassment alone, unaccompanied by any injury, no matter how inappropriate, unprofessional, or reprehensible it might seem, does not rise to the level of an Eighth Amendment violation").

### E. Request for Criminal Charges

As part of his request for relief, Tutora seeks the imposition of criminal charges against the defendants. Dkt. No. 13 at 3. As Tutora was previously advised in the January Order:

> "It is well settled that a private citizen has no right to prosecute a federal crime." *New York v. Muka*, 440 F. Supp. 33, 36 (N.D.N.Y. 1977) (*citing Connecticut Action Now, Inc. v. Roberts Plating*

> *Company, Inc.*, 457 F.2d 81, 86 (2d Cir. 1972); *Keenan v. McGrath*, 328 F.2d 610 (1st Cir. 1964); *United States v. Panza*, 381 F.Supp. 1133 (W.D.Pa.1974)); *see also Savage v. Arnold*, 403 F.Supp. 172, 174 (E.D.Pa. 1975)(private citizen has not right to maintain a criminal complaint). "Federal crimes are prosecuted by the United States Attorney, who possesses an absolute and unreviewable discretion as to what crimes to prosecute." *Muka*, 440 F. Supp. at 36 (*citing* 28 U.S.C. § 547(1); *United States v. Kysar*, 459 F.2d 422 (10th Cir. 1972)(other citation omitted). A criminal prosecution is intended to protect the rights of the United States as a whole, and not to vindicate private rights. *Muka*, 440 F. Supp. at 36.

Dkt. No. 12 at 17-18. Accordingly, Tutora's request that criminal charges be lodged against the defendants is dismissed.

## IV.  Conclusion

Upon review, the Court finds that Tutora has not alleged sufficient facts in his amended complaint to state a claim for which relief may be granted under Section 1983. For the reasons set forth above, Tutora's action is therefore dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief can be granted. While acknowledging that the Second Circuit's preference is that the District Court provide a *pro se* plaintiff the opportunity to amend, in light of the fact that Tutora has already had an opportunity to do just that, and because the Court finds that (1) the problems with Tutora's claims against the defendants are substantive and (2) no valid claim exists within Tutora's factual allegations, providing Tutora with another

11

opportunity to amend would be both futile and unproductive.[4]

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED**, that this action is **dismissed** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Tutora.

Dated:   February 4, 2011
         Syracuse, New York

*Gary L. Sharpe*
U.S. District Judge

---

[4] Generally, when the court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (finding that repleading would be futile); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice); *cf. Gomez*, 171 F.3d at 796 (granting leave to amend is appropriate "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."), *accord*, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).